UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOSEPH O. JEFFERSON                    CIVIL ACTION NO. 12-cv-1527

VERSUS                                 JUDGE HICKS

BEUSA ENERGY, LLC                      MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

**Introduction**

    Joseph O. Jefferson ("Plaintiff") filed suit in state court for a declaration that he owns a 73.3% interest in an 80-acre tract in Webster Parish.  Beusa Energy, LLC ("Defendant") removed the case based on an assertion of diversity jurisdiction and quickly filed a motion to dismiss.  Defendant represented in the motion that it owns no interest in the subject property; it merely produces natural gas under the authority of multiple leases granted by owners of the property, including Plaintiff.  Plaintiff filed a Motion to Remand (Doc. 10) on the grounds that Defendant could not satisfy its burden of establishing an amount in controversy in excess of $75,000.  For the reasons that follow, the motion to remand will be granted.

**Amount in Controversy; Statutory Amendments**

    Diversity jurisdiction requires that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). When the claim is one for declaratory relief, the amount in controversy is determined by "the value of the right

to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir.1998).

The state court petition was filed in May 2012, which was after the January 6, 2012 effective date of amendments to 28 U.S.C. § 1446 made by the Federal Courts Jurisdiction and Venue Clarification Act of 2011.[1]  Section 1446(c)(2) provides that the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy in certain instances, including when the initial pleading seeks nonmonetary relief. Plaintiff's petition prayed for only declaratory relief and gave no hint as to the amount in controversy.

Section 1446(c)(2)(b) provides that removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." This new provision of Section 1446 is consistent with the approach long taken by the Fifth Circuit in similar cases.  The Court has held that the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  The defendant may make this showing by: (1) demonstrating

---

[1] The Act, which became effective on January 6, 2012, states that the amendments to Title I (which includes the amendments to Section 1446) "shall apply to any action or prosecution commenced on or after such effective date." Public Law 112–63, § 105(a). It then adds in § 105(b) that "[f]or purposes of subsection (a), an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court."

that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy – in the notice of removal or an affidavit – that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

**Analysis**

Plaintiff alleges in his state court petition that he is the owner of 11/15ths (73.3%) interest in the property.  He complains that Defendant has refused to recognize him as an owner of that interest.  Plaintiff then outlines the acts by which he acquired his  11/15ths interest over the years. He alleges the other 4/15ths interest is owned by Black Bull Acres, LLC, which is not a party to this suit.

The petition never alleges Defendant's connection to the property.  It does allege in paragraph 4 that Defendant has refused to recognize Plaintiff as an owner of 11/15ths interest in the property, and it alleges in paragraph 16 that Defendant has "refused to pay royalties to plaintiff as the rightful owner of an 11/15ths interest in and to all THE PROPERTY."

The petition could certainly have been drafted with greater clarity, but any reasonable attorney who reviewed these allegations would gather the implication that Plaintiff was not suing Defendant as a person who claimed to own all or part of the 11/15ths interest claimed by Plaintiff.  Rather, he or she would realize that Defendant was probably producing minerals from the property, Plaintiff contended that Defendant was not paying him the full amount of royalties to which he claimed entitlement, and that Plaintiff sought a judicial declaration that would entitle him to a larger share of the royalties Defendant owed on the 80 acres.

If there was any doubt, Defendant clarified things in its Motion to Dismiss (Doc. 5), which attacked the petition because the pleading asserted only a claim for a declaration of Plaintiff's title interest in the property.  Defendant represented that it "does not now, nor has it ever, made any claim of ownership of the Property or the minerals therein."  Defendant explained that it is a mineral lessee with no claims to the property adverse to Plaintiff.  It produces natural gas under multiple leases granted by some of the owners of the property, including Plaintiff, and the owners are paid royalties in proportion to their ownership interest. "As reflected in [Plaintiff's] Petition, this dispute centers on [Plaintiff's] contention that he owns an 11/15th interest in the Property," but Defendant states that a professional title examination conducted on its behalf shows that Plaintiff owns only a 19/30th (63.3%) interest.  Defendant represents that it has paid Plaintiff "all royalties due to him under the lease in accordance with his title interest," but Plaintiff "claims that he is owed a greater percentage of royalties" from Defendant.

Plaintiff argues in his Motion to Remand that Defendant cannot meet its burden with respect to the amount in controversy because (1) the value of the land itself is irrelevant to the royalty-share dispute, (2) the only dispute is whether Plaintiff is entitled to an additional 10% of the royalty owed under the mineral lease on the property, and (3) Plaintiff does not believe the royalties improperly withheld exceed $75,000.  Plaintiff represents that his counsel has attempted to obtain information from Defendant about the amount of royalties at stake, but Defendant has refused to provide the information.

Defendant responds with a completely blind eye to the representations it made in its motion to dismiss.  It accuses Plaintiff of disingenuously claiming that his action is merely a royalty dispute when his petition does not even allege the existence of a mineral lease, and the judgment prayed for a declaration that Plaintiff owns an 11/15th interest in the property. Thus, Defendant contends (at least in its opposition to remand), the object of the litigation is ownership of the 80-acre tract, and it submits an affidavit from a petroleum engineer who testifies that the value of the gas reserves alone on the tract exceed $275,000.

The court refuses to read the petition in the cramped and literal style taken by Defendant with respect to the amount in controversy.  Any reasonable attorney or judge familiar with oil and gas issues would review the petition and, though realizing the pleading is lacking in clarity and does not allege all of the relevant facts, quickly discern that Plaintiff seeks recognition that he holds a particular ownership interest so that Defendant will then pay Plaintiff the full amount of royalties that are due him. Landowners often present such claims as one for past due royalties, plus double damages, interest, and attorneys fees pursuant to La. R.S. 31:137-140, but Plaintiff chose a different way to address the dispute over the extent of his ownership interest. Had he invoked Article 140, those penalties and fees would figure into the amount in controversy, but there is no indication that Plaintiff seeks those remedies or satisfied the notice prerequisite, so they are not relevant to the issue before the court.

The only evidence of record regarding the amount of the disputed royalties comes from the engineer's affidavit submitted by Defendant.  He testifies that the 11/15th interest in the tract "has a value of $123,385 which is calculated by adding the bonus and royalty

payments paid to [Plaintiff] to date, the value of gas reserves for an 11/15th interest, and the additional royalty payments associated with an 11/15th interest." This does not tell us what the disputed amount might be, but Plaintiff reasonably suggests in his reply that if Defendant has already paid approximately 90% of the royalties due, then the unpaid amount is probably less than $15,000.

Defendant filed a Sur-Reply and challenged Plaintiff's calculations for lack of supporting evidence, emphasizing that the figures used by Plaintiff appear nowhere in its engineer's affidavit. That is true, but the burden is on Defendant to articulate facts that show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant has not produced specific evidence of the value of the contested royalties at stake, and a reasonable review of the evidence it has submitted suggests that the amount is probably less than $20,000. If that is not correct, Defendant has only itself to blame for not producing more specific evidence of the value of the additional royalties at issue. There is simply no factual basis in the record to value the interest Plaintiff seeks to protect at more than $75,000. Defendant has not satisfied its burden, so Plaintiff's **Motion to Remand (Doc. 10)** will be **granted**, subject to the stay set forth in the accompanying order.

The current record is not clear on the issue, but the extra ownership percentage Plaintiff seeks would have to come at the expense of another landowner. Black Bull Acres, LLC is said to be the other owner of an interest in the tract. It is, therefore, likely that Black Bull would  have to be joined as a defendant in this action. See El Paso E&P Co., LP v. Crabapple Properties, Ltd., 2008 WL 2051109 (W.D. La. 2008).  Black Bull's citizenship is

that of its members.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).  The

public records do not identify the current members of Black Bull, but if a member is a

Louisiana citizen, that would destroy diversity and require a remand. The Secretary of State's

online records indicate that Black Bull is a Louisiana company and suggest that it has local

ownership, so there is a significant possibility diversity would not exist and that remand

would eventually be required even if the amount in controversy were satisfied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of August, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE